Dear Representative Hardy:
You have asked this office to advise whether Mayor Willie Haynes, the elected mayor of the Town of Melville, may hold his elective office and at the same time hold appointive office as a member of the board governing the St. Landry Parish Housing Authority, while also holding employment with the St. Landry Parish School Board as a 504 Coordinator, which oversees the education of children with learning disabilities.
The provisions of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., govern our response to your inquiry. The dual officeholding and dual employment law prohibits the holding of certain combinations of elective office,appointive office, and employment as those terms are defined under La.R.S. 42:62. Further, under the dual officeholding definitions, the terms full-time and part-time apply only to employments and appointive positions and not elective offices.[1] *Page 2 
Under the statutory definitions, an elective office[2] is filled by vote of the citizens of this state or of a political subdivision thereof. A position ofemployment[3] is compensated, while in contrast a person may hold an appointive office which is compensated or uncompensated. A position is considered an appointive office
rather than employment where the position is established by the constitution, statutes, home rule charter provisions or ordinances of a municipality or parish, and the position is appointed by another elected or appointed official, or a body of officials.[4]
Further, for purposes of the dual officeholding analysis here, the municipality of the Town of Melville, the St. Landry Parish Housing Authority, and the St. Landry Parish School Board are all separatepolitical subdivisions of the state.[5]
Mayor Willie Haynes holds elective office as mayor of the Town of Melville, while he holds a position of employment with the St. Landry Parish School Board. Further, because the position of housing authority commissioner is "specifically established . . .by the laws of this state" and is "filled by appointment . . . by an elected or appointed public official . . .", Mayor Haynes holdspart-time appointive office in his capacity as commissioner of the St. Landry Parish Housing Authority Board.[6]
The prohibitions which are potentially applicable in the instant matter are found in La.R.S. 42:63(D), which states "no person holding an elective office in a political subdivision of this state shall at the same time hold . . . full-time appointive office . . . in the government of a political subdivision thereof." La.R.S. 42:63(D) *Page 3 
goes on to provide "no such person shall hold at the same time employment . . . in the same political subdivision in which he holds an elective office."
While La.R.S. 42:63(D) prohibits a person elected to local office from at the same time holding full-time appointive office, La.R.S. 42:63(D) does not prohibit a local elected official from at the same time holding part-time appointive office. Further, while La.R.S. 42:63(D) prohibits a person elected to local office from holding employment in the same political subdivision in which he holds elective office, a local elected official is not prohibited by La.R.S. 42:63(D) from holding employment in a separate political subdivision of the state.
Applying the cited law to the matter at hand, it is the opinion of this office that Mayor Haynes is not prohibited by the dual officeholding provisions from holding his elective office as mayor while at the same time serving in the part-time appointive office of housing authority commissioner. Neither is Mayor Haynes prohibited by the dual officeholding and dual employment provisions from holding employment with the parish school board, a political subdivision separate from the municipality in which he holds elective office.
Please note that the opinion of this office is limited to an examination of the dual officeholding and dual employment provisions. Questions regarding a conflict in time or duties in the exercise of these three positions are within the jurisdiction of the Louisiana State Board of Ethics. The Board issues advisory rulings concerning the Louisiana Code of Governmental Ethics, La.R.S. 42:1111, et seq. The Board may be contacted at the following address: P.O. Box 4368, Baton Rouge, LA 70821, phone: 225-219-5600.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:_______________ KERRY KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] La.R.S. 42:62(4) and (5) provide the following:
(4)"Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5)"Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
[2] La.R.S. 42:62(1) defines elective office as "any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof."
[3] La.R.S. 42:62(3) defines employment as "any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof."
[4] La.R.S. 42:62((2) defines appointive office as "any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof."
[5] La.R.S. 42:62(9) defines political subdivision as "a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions."
[6] Commissioners are appointed by the St. Landry Parish Council under the authority of La.R.S. 40:531 (A), providing that "when the governing body of any municipality or parish, as the case may be, has determined, by resolution as set forth in La.R.S. 40:393, that it is expedient to establish a local housing authority, the chief elected official of the municipality or parish, or if no such official exists, then the governing body itself shall appoint five persons who shall constitute the governing body of the local housing authority and shall be called commissioners."